BENTON, Judge,
with whom COLEMAN, J., joins, dissenting.
Relying upon an unpublished order from the Supreme Court, which summarily states that “[ujpon consideration of the record, briefs and argument of counsel, the [Supreme] Court is of the opinion that there is no error in the judgment appealed from,” Johnson v. Commonwealth, No. 940606 (Va. Oct. 21,1994), the majority today adopts a rule of law contrary to the published decision in Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994). I dissent.
In Yarborough, the Supreme Court reversed this Court’s decision upholding a conviction under Code § 18.2-53.1 for the use of a firearm in the commission of a felony. See 247 Va. at 219, 441 S.E.2d at 344. The Supreme Court held that “to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm ... while committing ... robbery.” Id. at 218, 441 S.E.2d at 344 (emphasis added). The evidence in Yarborough proved the following:
As Konchal approached the driveway of the condominium complex, Yarborough ran past her. Shortly thereafter, *609 Yarborough reappeared and ran directly toward her. As Yarborough approached Konchal, he said, “This is a stickup[;] give me all your money.” Konchal said, “What?” and tried to walk past him. Yarborough, however, blocked Konchal and said, “No, this is a stickupf;] give me all your money.”
According to Konchal, when Yarborough moved toward her, “[b]oth [of Yarborough’s] hands were in his pockets.” She saw “something protruding ... from his right hand pocket of his jacket,” and she “thought [there] was a gun in his pocket.” Konchal then opened her purse, reached in, and handed Yarborough three twenty dollar bills from her wallet. Yarborough, using his left hand, reached into Konchal’s purse and took two one dollar bills. Yarborough then fled in the direction of a nearby subway (or Metro) station, and Konchal immediately reported the robbery to the police.
Id. at 216-17, 441 S.E.2d at 343.
When the police arrested Yarborough “no weapons were found.” Id. at 217, 441 S.E.2d at 343. Because the “evidence that Yarborough ‘may have had’ a fire arm in his possession creates merely a suspicion of guilt,” the Supreme Court ruled that “the evidence [did] not establish guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence.” Id. at 218-19, 441 S.E.2d at 344.
The evidence in McBride’s case proved that the victim saw nothing resembling a firearm. When McBride sat behind the victim, the victim merely “felt something push up against his back.” The victim testified that the police found a plastic bottle at that site. After McBride tied the victim’s hands, McBride moved about the store, returned to the victim, and put his hand on the victim’s back. Although the victim could see McBride clearly enough to opine that McBride “look[ed] like he was panicked,” the victim never saw a firearm.
The evidence in this case is less compelling than the facts proved in Yarborough. Keeping his right hand in his jacket pocket, Yarborough used his left hand to take money from the victim. The victim saw something protruding from Yarbor *610 ough’s right jacket pocket, and the victim thought the protruding object she saw was a gun. See id. at 217, 441 S.E.2d at 343.
The majority concludes that the actual presence of a gun is proved from “the clear inference to be drawn from [McBride’s] threat to ‘shoot.’ ” The majority uses the same logic that was rejected by the Supreme Court in Yarborough. In improperly affirming Yarborough’s conviction, this Court held that “[a]lthough no gun was found on appellant, he may have had a gun ... at the time of the offense ... [; thus,] it could be inferred that he had one.” Yarborough v. Commonwealth, 15 Va.App. 638, 642-43, 426 S.E.2d 131, 134 (1993), rev’d, 247 Va. 215, 441 S.E.2d 342 (1994). Indeed, the Supreme Court reversed that conviction even though the jury in Yarborough had inferred from the evidence that Yarborough had a gun protruding from his right pocket.
The following language from the Supreme Court’s decision in Yarborough clearly undermines the standard the majority again invokes to uphold McBride’s conviction:
[Our prior decisions] do not stand for the proposition that the Commonwealth need not prove that the defendant actually possessed a firearm. Indeed, they stand for the contrary proposition, and we reject the Attorney General’s contention and the conclusion reached by the Court of Appeals.
Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies. In order to convict an accused of a crime, the evidence must establish the accused’s guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence. Conviction of a crime is not justi *611 fied if the evidence creates only a suspicion or probability of guilt.
247 Va. at 218, 441 S.E.2d at 344 (footnote and citations omitted).
The evidence in this case failed to prove beyond a reasonable doubt the presence of a firearm. The presence of a firearm could only be found by drawing inferences from the evidence. However, the evidence also supports a reasonable inference that McBride used a plastic bottle to consummate the robbery. The victim testified that before McBride entered the store, the victim saw him carrying an item wrapped in a blanket. The item was later identified as a plastic three liter bottle. The plastic bottle was recovered by the police at the place where McBride threatened the victim and tied the victim’s hands. Therefore, the Commonwealth failed to exclude the hypothesis that when McBride approached the victim from behind and threatened to shoot, he was using the bottle, not a firearm, to frighten the victim.
Finally, I believe the majority’s use of the Supreme Court’s unpublished disposition is fundamentally flawed. An unpublished order from the Supreme Court, though deciding the merits of the particular case in which the order was entered, has no precedential value for other cases and should not be read to change the rule of law announced in a prior published opinion. If the Supreme Court had intended to change the rule announced in Yarborough, it could have done so in a published opinion in Johnson or in any number of cases that have raised this same issue and have been summarily affirmed by unpublished order. In view of the myriad reasons the Supreme Court may have had for denying an appeal by unpublished order, I believe the majority errs in using an unpublished, summary order as a precedent for deciding this case.
For these reasons, I would hold that the trial judge erred in convicting McBride of use of a firearm in the commission of the robbery.